UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| VICTOR ELIAS PHOTOGRAPHY, LLC., §<br>An Oregon Limited Liability Company, §<br>§<br>  Plaintiff, §<br>§<br>  v. §<br>§<br>ICE PORTAL, INC., §<br>A Florida Corporation, and §<br>SHIJI (US), INC., §<br>a Delaware Corporation, §<br>§<br>  Defendants. § | CA. No. 0:19-cv-62173<br><br>JURY DEMANDED |

_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF
THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA")**
_____

Victor Elias Photography LLC ("ELIAS") files this complaint against ICE Portal, Inc., a Florida Corporation ("ICE") and Shiji (US), Inc. ("Shiji") (collectively, "Defendants"):

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief against ICE and/or Shiji – as successor by merger to ICE – for intentionally removing and/or altering copyright management information ("CMI") and/or providing and/or distributing CMI that is false in violation of the United States Copyright Act, 17 U.S.C. §§ 1202 *et seq*.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a)

(copyright) and pendent jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367. In addition, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity) because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000 as alleged herein.

3. Venue is proper in this District pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c), as Defendants and/or their agents reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4. Plaintiff ELIAS is an Oregon limited liability company with a principal place of business in Lake Oswego, Oregon. All of the members of ELIAS are residents of Oregon as well.

5. ICE was a corporation existing under the laws of the State of Florida, with its headquarters located at 3595 Sheridan St. #200, Hollywood, FL 33021. ICE was a media syndication company that promotes hotels through the use of photographs, videos, and other media for some of the largest online travel agencies throughout the world, including the United States, Canada, and the United Kingdom. Through its software platform and database of digital media, ICE provided Third Party Travel Websites with technology, sales conversion tools, and a global travel media network that enables traveling consumers to better visualize the grounds, the location, room interiors, and common areas of hotels. On or about July 31, 2019, and unbeknownst to Plaintiff, Shiji (US), Inc. ("Shiji") acquired ICE, but continued operating the business

as "ICE Portal, A Shiji Group Brand." Upon information and belief, Shiji assumed all past, present, and future business operations of ICE.[1]

6. Shiji is a corporation existing under the laws of the State of Delaware, with its headquarters located at 730 Peachtree Street NE, Suite 375, Atlanta, GA 30308, and having an active and continual place of business located at 3595 Sheridan St. #200, Hollywood, FL 33021. On or about July 31, 2019 Shiji acquired the Defendant ICE, assuming all business operations of ICE under the moniker, "ICE Portal, A Shiji Group Brand." Shiji has been on notice of this lawsuit since service was had upon ICE. The Court has jurisdiction over Shiji pursuant to Fla. Stat. § 48.193(1)(a)(1) and § 48.193(2) for operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida or having an office or agency in the State of Florida, and for engaging in substantial and not isolated activity with the State of Florida. Additionally, the Court has jurisdiction over Shiji pursuant to Fla. Stat. § 48.193(1)(a)(2) for committing tortious acts within the State of Florida, both for past violations – as the successor by merger to ICE – and continuing violations of the DMCA.

## FACTS

**The Photos at Issue**

7. Plaintiff ELIAS is a photographic syndication company that specializes in creating beautiful images of hotels and resorts. ELIAS holds the copyrights to the hotel and resort photographs created by its sole owner and operator, Victor Elias. Its library

---

[1] As such, ICE and Shiji are referred to collectively as "Defendants."

features some of the most recognizable and high-end images of resort properties in the entire world.

8. Victor Elias is a renowned international photographer whose career has spanned over twenty five years.  He is recognized as one of the world's leading resort photographers, and his services are in high demand.  He has photographed hotels all over the world, including premier properties in Mexico, the Caribbean and the United States.  Over the years, Mr. Elias has developed his own unique and unmistakable style, and his work has been featured in numerous travel magazines. Mr. Elias and his LLC are sought out by hoteliers so that they may create the most iconic, serene, and tantalizing elements of each property he shoots. Entrusted with the task of curating professional images, Mr. Elias continuously and emphatically delivers.  Among other things, Mr. Elias has composed, authored, and captured more than 220 beautiful images of hotels and resorts (hereinafter, collectively the "Copyrighted Works"), which form the subject matter of this suit.  The Copyrighted Works and the applicable certificates of registration are attached hereto as **Exhibits A and B, respectively**.  The copyrights in and to the 220 works at issue in this case were subsequently assigned to ELIAS, who brings the instant civil action. **See Exhibit C.**

9. For valuable consideration *per* licensee, ELIAS routinely grants limited licenses to hotels and other travel-related businesses throughout the world to make specific use of his works.

10. For many years, it has been ELIAS' custom and business practice to display its copyright management information ("CMI") on its copyrighted photographs when they

are published. All of the Copyright Works at issue in this case prominently displayed ELIAS' CMI in the metadata of the Work, showing "Victor Elias" as the creator, "Owner/Photographer," as well as providing notice that the Works are copyright protected (i.e. "@Victor Elias"). **See Exhibit D**. ELIAS includes such CMI in the metadata of the Copyrighted Works to ensure that anyone who views the Works understands that ELIAS owns all rights and title. ELIAS also includes its CMI in the metadata of the Copyrighted Works to enable ELIAS to search for and identify all uses of the Copyrighted Works on the web to determine where its photographs are being displayed and/or where copyright violations might exist.



(**Fig. 1.** Immediately a*bove is an example of just 1 (out of 220) of the Copyrighted Works submitted by ELIAS to the Contracted Hoteliers (in this case Wyndham Hotel's Grand Rio Mar Puerto Rico Golf & Beach Resort) with ELIAS' CMI displayed in the metadata of the Work*. See **Exhibit D – Part 5, p. 3**).

11. Including such CMI in the metadata of image files is a standard technical measure used by professional photographers such as ELIAS to identify intellectual property as theirs, and thereby protect it. This custom and practice is standard operating procedure, and is well-known and understood by companies that deal with the intellectual property of

others such as ICE. Image metadata was developed pursuant to a broad consensus of copyright owners and service providers in an open, fair, voluntary, multi-industry standards process. Such metadata does not impose substantial costs on Internet service providers, nor substantial burdens on their systems or networks.

12. The size for each digital image metadata (typically 64kB or less) is extremely small as compared with the size of the digital photographs, which often are a hundred times (i.e. 6.4MB) larger.

**Contextual Facts**

13. Over a period of years, ELIAS was contracted by several hoteliers ("Contracted Hoteliers") – operated by three (3) different major hotel brand and trade names, Starwood Hotels and Resorts Worldwide, LLC brand and tradename ("Starwood Hotels"), Marriottt International, Inc. ("Marriottt Hotels"), and Wyndham Hotels & Resorts, Inc. ("Wyndham Hotels") – to create the 220 Copyrighted Works described above depicting the various resort properties for use in advertising and marketing such properties. ELIAS granted the Contracted Hoteliers licenses to use the Copyrighted Works in their advertising and/or marketing efforts on the various hotel websites ("Hotel Websites"), as well as on online travel agencies, such as expedia.com, tripadvisor.com, bookit.com, and skyscanner.net ("Third Party Travel Websites").

14. Upon completion of the Copyrighted Works, and as is its custom and practice, ELIAS tendered them to the Contracted Hoteliers *per* the contractual arrangement between ELIAS and Contracted Hoteliers. When ELIAS provided such Copyrighted Works, all 220 images contained ELIAS' CMI within their metadata – showing "Victor Elias" as

the creator, "Owner/Photographer," as well as providing notice that the Works are copyright protected (i.e. "@Victor Elias"). **See Exhibit D**. Additionally, upon information and belief, all 220 of the Copyrighted Works as displayed on the individual Hotel Websites contained metadata embedded in their digital files, listing ELIAS' CMI. See **Exhibit D**.



(**Fig. 2.** *Above is an example of another 1 (out of 220) of the Copyrighted Works submitted by ELIAS to the Contracted Hoteliers (this time to Starwood Hotel's Le Meridien Mexico City) which retains ELIAS' CMI displayed in the metadata of the Work as it was posted by the Contracted Hotelier on the Hotel Website. See* **Exhibit D – Part 3, p. 16**)

15. In or around September of 2016, ELIAS discovered that several of the Copyrighted Works being displayed on Third Party Travel Websites falsely credited "Tingo" as the author/owner of such Works. **See Exhibit E**.



(**Fig. 3.** *Above is an example of Elias' original Copyrighted Work (from **Fig. 2** above) being displayed on a Third Party Travel Website falsely crediting "Tingo" as the author/owner of the Work – instead of the rightful owner, ELIAS. See* **Exhibit E, p. 3**)

16. Upon further investigation, ELIAS discovered that both Starwood Hotels and Wyndham Hotels had contracted with ICE for it to distribute and upload the Copyrighted Works to various Third Party Travel Websites globally, as well as to manage and maintain photographs from Contracted Hoteliers' websites already distributed and uploaded to Third Party Travel Websites. (See **Exhibit F**. Through their software platform and database of digital media, ICE and – by succession by merger - Shiji provide Third Party Travel Websites with technology, sales conversion tools, and a global travel media network that enables traveling consumers to better visualize the grounds, the location, room interiors, and common areas of hotels.

17. ELIAS further discovered that – even though all of the Copyrighted Works displayed on the Contracted Hoteliers' Websites maintained ELIAS' CMI within the metadata of

the images (as shown in Fig. 1 and 2 above) – upon information and belief, ELIAS' CMI was removed from all of his Works displayed on the various Third Party Travel Websites. For instance, ELIAS discovered 220 instances of ELIAS' Copyrighted Works being displayed *without* his CMI on a variety of Third Party Travel Websites. See **Exhibit G**.



(**Fig. 4**. *Above is an example of Elias' Copyrighted Work (from Fig. 1 above) being displayed on a Third Party Travel Website after the removal of ELIAS' CMI. The URL in the image reads "iceportal.com" – indicating that Defendants are hosting the photos with CMI removed. See* **Exhibit G, pp. 2-3**)

18. Upon information and belief, Marriott Hotels utilized a different third-party media syndication company named Leonardo Worldwide Corporation ("LWC") to perform the same or similar services that Defendants perform for Starwood Hotels and Wyndham Hotels. In or around September of 2016, Marriott acquired Starwood Hotels. Therefore, upon information and belief, prior to Marriott's acquisition of Starwood Hotels, one or more of the Copyrighted Works at issue in this case were first

distributed and uploaded to Third Party Travel Websites by the Defendants. Upon further information and belief, Defendants and LWC have a cooperation agreement allowing each other to re-distribute images originally managed and controlled by the other media syndication company.[2] As such, upon information and belief, Defendants re-distributed 26 of ELIAS' Copyrighted Works which depict Marriott Hotel's *Casa Magna Puerto Vallarta Resort & Spa* knowing that Elias' CMI had already been removed. See **Exhibit G, pp. 4 – 26.**

19. Therefore, upon information and belief, Defendants, or one or more third parties at Defendants' direction, knowingly, intentionally, and willfully removed ELIAS' CMI, including but not limited to authorship and ownership information contained within the metadata of the Copyrighted Works, and thereafter distributed the same, without authorization.

20. Further, upon information and belief, Defendants removed and/or altered ELIAS's CMI from/in other original photographs contained within the Copyrighted Works – and thereafter distributed the same – without authorization from ELIAS and in violation of the law. The scope and breadth and nature and extent of these additional violations will be ascertained through and during the course of the discovery process.

**Violations of the Digital Millennium Copyright Act ("DMCA")**

---

[2] Such cooperation agreement explains why many of the resulting photographs – originating from Starwood and Wyndham Hotels – displayed on Third Party Travel Websites with Elias CMI removed state "Source: Leonardo" on the face of the image. See **Exhibit G, pp. 27 – 59**.

21. Professional photographers across the nation – including ELIAS and Mr. Victor Elias – routinely embed CMI in the metadata of their images. Such is done to enable professional photographers such as ELIAS to search for and identify the Copyrighted Works on the web to determine where the works are being displayed, where apparent copyright violations might exist, and to maintain control of their valued intellectual property.

22. All of the Copyrighted Works at issue in this suit were submitted by ELIAS to Defendants and/or Contracted Hoteliers displaying ELIAS' CMI within the metadata of each and every one of the Works.

23. Importantly, Defendants know that they do not own the copyrights for the Copyrighted Works. Moreover, Defendants know that they do not possess any written authorization from ELIAS or Mr. Victor Elias to remove or alter CMI for the Copyrighted Works uploaded to the Hotel Websites and/or Third Party Travel Websites. Yet, in the course of their marketing activities for their customers, Defendants, knowingly, intentionally, and willfully removed ELIAS' CMI -- including but not limited to authorship and ownership information contained within the metadata and/or watermarks of the Copyrighted Works -- and thereafter distributed them without authorization.

24. In so doing, upon information and belief, Defendants reproduced and distributed copies of, and publicly displayed ELIAS' Copyrighted Works, or derivative versions thereof, knowing that ELIAS' and/or Mr. Victor Elias' CMI had been removed without either's authorization, and while knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, and/or conceal infringement of ELIAS' exclusive rights

secured under 17 U.S.C. § 106. Upon information and belief, Defendants continue to knowingly distribute the Copyrighted Works having known that ELIAS' and/or Mr. Victor Elias' CMI has been removed without ELIAS' and/or Mr. Victor Elias' authorization knowing, or having reasonable grounds to know, that it will continue to induce, enable, facilitate, and/or conceal infringement of ELIAS' exclusive rights secured under 17 U.S.C. § 106.

25. Additionally and alternatively, upon information and belief, Defendants knew or should have known that the CMI had been removed and/or altered from the Copyrighted Works when they received the same for distribution on the Third Party Travel Websites. Despite such knowledge, Defendants reproduced and/or distributed copies of, and publicly displayed ELIAS' Copyrighted Works, or derivative versions thereof, knowing that ELIAS' and/or Mr. Victor Elias' CMI had been removed without ELIAS' and/or Mr. Victor Elias' authorization. As such, Defendants knew, or having reasonable grounds to know, that such would induce, enable, facilitate, and/or conceal infringement of ELIAS' exclusive rights secured under 17 U.S.C. § 106. Upon information and belief, Defendants continue to knowingly distribute the Copyrighted Works after becoming aware that ELIAS' and/or Mr. Victor Elias' CMI had been removed without ELIAS' and/or Mr. Victor Elias' authorization. As such, Defendants know, or have reasonable grounds to know, that such will continue to induce, enable, facilitate, and/or conceal infringement of ELIAS' exclusive rights secured under 17 U.S.C. § 106.

26. As a direct result of Defendants' removal of ELIAS' and/or Mr. Victor Elias' CMI and subsequent distribution, ELIAS' Copyrighted Works have been infringed through the copying, publishing, posting, and/or display of said Works throughout the World Wide Web without license or authorization by ELIAS. **See Exhibit H (Resulting Infringements)**. Further, as a direct result of Defendants' removal of ELIAS' and/or Mr. Victor Elias' CMI and subsequent distribution, ELIAS has lost the ability to monitor and control of its intellectual property.

27. Although Defendants are sophisticated technology corporations that have been using, distributing, and/or otherwise handling copyrighted content on a daily basis for many years, they have engaged in these willful, wanton, and brazen violations of the DMCA, and *are continuing* to regularly and egregiously infringe ELIAS' rights in its Copyrighted Works on an ongoing basis.

28. Upon information and belief, Defendants collectively engaged in at least 220 instances of removal ELIAS' CMI from the metadata of the Copyrighted Works, and then distribution such Works with knowledge that ELIAS' CMI had been removed without authorization from ELIAS or the law.

## **CLAIM FOR RELIEF – COUNT I**
### **(Removal or Alteration of Copyrightht Management Information, 17 U.S.C. § 1202 *et seq.*, against all Defendants)**

29. ELIAS incorporates here by reference the allegations in paragraphs 1 through 28 above.

30. Plaintiff included a metadata credit line and/or watermark to Victor Elias and/or Victor Elias Photography (a "Notice of Copyright Ownership") in all of its published

photographs, including the Works at issue in this suit. The inclusion of the Notice of Copyright Ownership in all of Plaintiff's published photographs, including its Copyrighted Works, constitutes CMI as defined under 17 U.S.C. § 1202(c). **See Exhibit D.**

31. Plaintiff is informed and believes, and on that basis alleges that Defendants intentionally, and without authority of ELIAS or the law, removed and/or altered and/or caused or induced others to remove and/or alter ELIAS' CMI by removing the Notice of Copyright Ownerships from ELIAS' Copyrighted Works and distributed the Copyrighted Works to the general public knowing that the Notice had been removed without the authority of ELIAS – knowing, or having reasonable grounds to know, that such would induce, enable, facilitate, or conceal infringement of ELIAS' Copyrighted Works in violation of 17 U.S.C. § 1202(b)(1)-(3).

32. Plaintiff is informed and believes, and on the basis alleges that Defendants – without authority of ELIAS or the law – distributed the Copyrighted Works knowing that ELIAS' CMI had been removed and/or altered without ELIAS' authority or the law, knowing – and/or having reasonable grounds to know that such would – induce, enable, facilitate and/or conceal infringement of ELIAS' copyright, distributed the Copyrighted Works to the general public, in violation of 17 U.S.C. § 1202(b)(3).

33. Plaintiff is informed and believes, and on the basis alleges that Defendants – without authority of ELIAS or the law – knowingly provided CMI that was false and/or distributed CMI that was false with the intent to induce, enable, facilitate and/or conceal

infringement of Plaintiff's copyright, in violation of 17 U.S.C. § 1202(a)(1) and § 1202(a)(2).

34. Defendants' removal or alteration of CMI from the Copyrighted Works and subsequent distribution of the Copyrighted Works was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under copyright law, and in disregard of Plaintiff's rights. Plaintiff is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violations and not taken into account in computing actual damages, or, at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 1203(c) of up to $25,000 per act of removal and/or distribution, which upon information and belief, total more than 220.

35. Plaintiff is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

36. Defendants' violations of 17 U.S.C. § 1202(a)(1) – (2) and § 1202(b)(1) – (3) have caused, and, unless restrained by this Court, will continue to cause, irreparable injury to ELIAS not fully compensable in monetary damages. Further, Defendants' violations are against the public interest as they have deprived ELIAS – a copyright holder – from the ability to monitor and control its intellectual property, and resulted in rampant and unrestrained infringement of ELIAS' Copyrighted Works throughout the World Wide Web. Pursuant to 17 U.S.C. § 1202(b)(1), Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

37. For a mandatory injunction of Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, ordering them to replace ELIAS' CMI in the metadata in all 220 images, and provide the proper credit line to any and all editorial publications that received such images;.

38. For ELIAS' actual damages and a disgorgement of all profits derived by Defendants attributable to their violations of 17 U.S.C. § 1203(c)(2) *et seq.*;

39. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, from which ELIAS' copyright management information was removed or altered pursuant to 17 U.S.C. § 1203(c)(2);

40. For statutory damages for removal or alteration of copyright management information, as provided by 17 U.S.C. § 1203(c)(3);

41. For reimbursement of costs, including Lodestar attorneys' fees, as well as interest pursuant to 17 U.S.C. § 1203(b)(4); *and*

42. For any such other and further relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AND TENDERS THE REQUISITE JURY FEE.

Date: November 4, 2019                                                          **LEJUNE LAW FIRM**

By: */s Dana A. LeJune*
Dana A. LeJune
Texas Bar: 12188250
NC Bar: 49025
dlejune@triallawyers.net
Scott M. Francis
Texas Bar: 24088795
scott@triallawyers.net
1225 North Loop West
Suite 825
Houston, Texas  77007
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net

**NORTH CAROLINA OFFICE:**
7 Orchard Street
Suite 200
Asheville, NC 28801
828-774-5800 Office

**LAW OFFICE OF TONY LAWHON**

By: */s/ Anthony M. Lawhon*
Anthony M. Lawhon, Esq.
tonylawhon@lawhonlaw.us
3003 Tamiami Trial North
Suite 200
Naples, Florida 34103
239.325.8956 Phone
239.236.330 Facsimile

## CERTIFICATE OF CONSENT TO AMEND

I hereby certify that on November 1, 2019, pursuant to Fed. R. Civ. P. 15(a)(2), the undersigned received written consent from Defendants' counsel to file the above First Amended Complaint.

*/s Dana A. LeJune*
Dana A. LeJune