**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

VICTOR ELIAS PHOTOGRAPHY, LLC,

        Plaintiff,

    v.

ICE PORTAL, INC., A Florida Corporation, and
SHIJI (US), INC., a Delaware Corporation,

        Defendants.

C.A. NO. 0:19-cv-62173-RS

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Shiji (US), Inc. ("Shiji Americas"), on its own behalf and on behalf of Defendant ICE

Portal, Inc. ("ICE"), by and through its attorneys, hereby answers the corresponding paragraphs

of the First Amended Complaint of Victor Elias Photography, LLC ("Elias") as follows:

## JURISDICTION AND VENUE

1.     It is admitted that Elias purports to assert a civil action as described; it is denied

that the purported civil action has any merit.  The remaining allegations of this paragraph are

denied.

2.     It is admitted only that this Court has subject matter over the DMCA claim.  It is

denied that this Court has pendent jurisdiction over "the remaining claims" since there are no

"remaining claims."  The remaining allegations of this paragraph are denied.

3.     It is admitted that venue is proper in this District.

## PARTIES

4.     After reasonable investigation, Shiji Americas lacks knowledge or information

sufficient to form a belief about the truth of the allegations of this paragraph and the allegations

are accordingly denied.

5.      It is admitted that, in February 2019, Shiji Americas acquired ICE and that thereafter ICE merged with and into Shiji Americas, and that ICE previously was a corporation existing under the laws of the State of Florida with its headquarters located at the address indicated.  It is admitted further that, until February 2019, ICE was a media syndication company that promoted hotels through the use of photographs, videos, and other media for some of the largest online travel agencies throughout the world, including in the United States, Canada, and the United Kingdom.  It is admitted further that, through ICE's software platform and database of digital media, ICE provided third-party travel websites with visuals to merchandise hotels to in-market travel-shoppers.  The remaining allegations are denied.  Shiji Americas specifically denies, pursuant to Fed. R. Civ. P. 9(a), that ICE has the capacity to be sued under Fed. R. Civ. P. 17(b)(2).  In February 2019, ICE was purchased by and thereafter merged into Shiji Americas, which is a Delaware corporation with a principal place of business located in Atlanta, Georgia. The merger was recorded with the Florida Department of State on July 31, 2019.  Pursuant to Fla. Stat. § 605.1026, as of July 31, 2019, ICE ceased to exist as a separate entity with the capacity to be sued.

6.      It is admitted that Shiji Americas is a Delaware corporation with its headquarters located at the address indicated.  It is further admitted that, in February 2019, Shiji Americas acquired ICE and, as of July 31, 2019, the merger of ICE into Shiji Americas was recorded with the Florida Department of State.  The remaining allegations are denied.

## FACTS

### "The Photos at Issue"

7.      Denied.

8.      Denied.

9.      After reasonable investigation, Shiji Americas lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and the allegations are accordingly denied.

10.      Denied.

11.      Denied.

12.      Denied.

**<u>Purported "Contextual Facts"</u>**

13.      After reasonable investigation, Shiji Americas lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and the allegations are accordingly denied.

14.       After reasonable investigation, Shiji Americas lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and the allegations are accordingly denied.

15.      After reasonable investigation, Shiji Americas lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and the allegations are accordingly denied.

16.      It is admitted only that, from approximately 2009 until approximately October 2017, ICE had a relationship with Starwood Hotels pursuant to which ICE distributed certain digital media to certain online travel agencies, and that since 2014, ICE—now through Shiji Americas—has had a relationship with Wyndham Hotels pursuant to which ICE has distributed certain digital media to certain online travel agencies.  It is admitted further that, until February 2019, ICE provided Third Party Travel Websites with visuals that enabled traveling consumers to better visually merchandise hotels to in-market travel-shoppers, and that, since February 2019, those services have been provided by Shiji Americas.  After reasonable investigation, Shiji

Americas lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are accordingly denied.

17.     After reasonable investigation, Shiji Americas lacks knowledge or information sufficient to form a belief about the truth of the allegation that all of the alleged Copyrighted Works displayed on the Hotel Websites maintained Elias's CMI in the metadata of the images. The remaining allegations of this paragraph are denied.

18.     With regard to the allegations in the first sentence, after reasonable investigation, Shiji Americas lacks knowledge or information sufficient to form a belief about the truth of these allegations and they are accordingly denied.  It is admitted that in or around September 2016, Marriott acquired Starwood Hotels.  The remaining allegations of this paragraph are denied.

19.     Denied.

20.     Denied.

**Purported "Violations of the Digital Millennium Copyright Act ("DMCA")"**

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

## [PURPORTED] CLAIM FOR RELIEF – COUNT I

## "(Removal or Alteration of Copyright Management Information,

## 17 U.S.C. § 1202 *et seq.*, against all Defendants)"

29.    Shiji Americas incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## "PRAYER FOR RELIEF"

37.    Shiji Americas denies that Elias is entitled to the requested relief.  To the contrary, plaintiff's complaint is frivolous, entitling Shiji Americas to its fees and costs.

38.    Shiji Americas denies that Elias is entitled to the requested relief.  To the contrary, plaintiff's complaint is frivolous, entitling Shiji Americas to its fees and costs.

39.    Shiji Americas denies that Elias is entitled to the requested relief.  To the contrary, plaintiff's complaint is frivolous, entitling Shiji Americas to its fees and costs.

40.    Shiji Americas denies that Elias is entitled to the requested relief.  To the contrary, plaintiff's complaint is frivolous, entitling Shiji Americas to its fees and costs.

41.    Shiji Americas denies that Elias is entitled to the requested relief.  To the contrary, plaintiff's complaint is frivolous, entitling Shiji Americas to its fees and costs.

42.     Shiji Americas denies that Elias is entitled to the requested relief.  To the contrary, plaintiff's complaint is frivolous, entitling Shiji Americas to its fees and costs.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Shiji Americas alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Lack of Capacity to be Sued)

43.     Shiji Americas specifically avers, pursuant to Fed. R. Civ. P. 9(a), that ICE does not have the capacity to be sued under Fed. R. Civ. P. 17(b)(2).  In February 2019, ICE was purchased by and merged into Shiji Americas.  The merger was recorded with the Florida Department of State on July 31, 2019.  Pursuant to Fla. Stat. § 605.1026, as of July 31, 2019, ICE ceased to exist as a separate entity with the capacity to be sued.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

44.     Elias has failed to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

45.     Elias's claims are barred in whole or in part by the statute of limitations set forth in Section 507(b) of the Copyright Act of 1976 which provides that no civil action may be maintained under the Copyright Act unless the same is commenced within three years after the claim accrued.

### FOURTH AFFIRMATIVE DEFENSE

(Copyright Misuse)

46.     Elias's claims are barred in whole or in part by the doctrine of copyright misuse.

## FIFTH AFFIRMATIVE DEFENSE

### (License)

47.     Elias's claims are barred in whole or in part because defendants was licensed to engage in the conduct that Elias claims is actionable.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

48.     Elias's claims are barred in whole or in part under the doctrines of waiver and estoppel.

WHEREFORE, Shiji Americas requests that the Court issue a judgment in its favor; order that Elias is not entitled to any relief on any of its claims; and order that Shiji Americas is entitled to a judgment in its favor for its reasonably attorneys' fees and full costs, including under 17 U.S.C. §§ 1202(b)(4) and 1202(b)(5) and/or 17 U.S.C. § 505.

Dated:  November 18, 2019

DUANE MORRIS LLP

/s/ Karen Chuang Kline
Karen Chuang Kline
kckline@duanemorris.com
1875 NW Corporate Boulevard
Suite 300
Boca Raton, FL 33431-8561
Tel:    561-962-2100
Fax:    561-962-2101

*and*

David J. Wolfsohn (PA Bar No. 57974)
djwolfsohn@duanemorris.com
*(admitted pro hac vice)*
Kendra C. Oxholm (PA Bar No. 325621)
*(admitted pro hac vice)*
30 S. 17th Street
Philadelphia, PA 19103
Tel:    215-979-1000
Fax:    215-689-2739

*Attorneys for*
*Shiji Americas on behalf of Defendant ICE Portal*

## **CERTIFICATE OF SERVICE**

I, Karen C. Kline, hereby certify that, on this 18th day of November, 2019, a true and

correct copy of the foregoing Answer to Plaintiff's First Amended Complaint was served upon

the following individuals by email:

> Anthony Michael Lawhon, Esq.
> Anthony M. Lawhon, P.A.
> 5625 Strand Blvd.
> Suite 512
> Naples, FL 34110
>
> Dana A. LeJune, Esq.
> Scott M. Francis, Esq.
> 1225 North Loop West
> Suite 825
> Houston, TX 77007

> /s/ *Karen C. Kline*
> Karen C. Kline